OPINION
Appellant Debra Winters Bergandine appeals a summary judgment of the Delaware County Common Pleas Court dismissing her complaint for breach of contract, promissory estoppel, and breach of fiduciary duty against appellee Office of City Manager, City of Delaware:
ASSIGNMENTS OF ERROR:
 I. THE TRIAL COURT ERRED IN FAILING TO APPLY OHIO'S GROUP HEALTH INSURANCE COORDINATION OF BENEFITS ("COB") PROVISIONS SET FORTH IN OHIO REVISED CODE 3902.13 AND OHIO ADMINISTRATIVE CODE 3901-1-56 TO ITS DECISION AND JOURNAL ENTRY GRANTING SUMMARY JUDGMENT TO APPELLEE.
 II. HAD THE TRIAL COURT PROPERLY APPLIED OHIO'S GROUP HEALTH INSURANCE COB PROVISIONS AS THEY ARE SET FORTH IN OHIO REVISED CODE 3902.13 AND OHIO ADMINISTRATIVE CODE 3901-1-56 TO THE DECISION CONTAINED IN ITS DECISION AND JOURNAL ENTRY, APPELLANT WOULD HAVE BEEN ENTITLED TO JUDGMENT AS A MATTER OF LAW ON HER CLAIM FOR BREACH ON CONTRACT.
In July of 1996, appellant, who had been employed by appellee, went on sick leave and ceased working full-time hours. Because she was no longer working full time, she was not qualified to continue the employee health care benefit plan offered by appellee. Appellee extended appellant the opportunity for coverage at an increased premium, pursuant to COBRA.
Appellee was the plan administrator of the plan. On August 12, 1996, appellant accepted the offer, tendered payment of the first month's premium, and continued to make timely monthly premium payments to maintain coverage through April 30, 1997.
During the time the continued health benefits were in force, appellant submitted medical bills totaling $8,048.10 for coverage under the plan. Appellee refused to pay, claiming that pursuant to the terms of the policy, the continuation coverage is secondary to coverage provided by appellant's husband's employer.
After appellee refused to pay, appellant filed the instant action. She alleged breach of contract, promissory estoppel, and breach of fiduciary duty. Appellee moved for summary judgment. The court found that the terms of the policy were clear and unambiguous, and the policy was secondary in nature to appellant's husband's policy. The court entered summary judgment and dismissed the case.
 I. II.
We address both Assignments of Error together, as both address the same issue of whether the coordination of benefits provision in the continuation coverage policy administered by appellee conflicts with R.C. 3902.13 and Ohio Administrative Code3901-1-56(B)(5).
R.C. 3902.13(A)(2) provides:
 (A) A plan of health coverage determines its order of benefits using the first of the following that applies:
 (1) A plan that does not coordinate with other plans is always the primary plan.
 (2) The benefits of the plan that covers a person as an employee, member, insured, or subscriber, other than a dependent, is the primary plan. The plan that covers the person as a dependent is the secondary plan.
Ohio Administrative Code 3901-1-56(G) provides:
(G) Order of benefits.
 Order of benefits shall be determined by the first applicable provision set forth below:
 (1) The benefits of a plan covering the person as an employee, member, insured, or subscriber, other than as a dependent, shall be determined before those of a plan which covers the person as a dependent . . .
* * *
 (5) Continuation of coverage. If a person whose coverage is provided under a right of continuation pursuant to federal or state law also is covered under another plan, the following shall be the order of benefit determination:
 (a) First, the benefits of a plan covering the person as an employee, member, or subscriber (or as that person's dependent);
 (b) Second, the benefits under the continuation coverage.
Appellee argues that OAC 3901-1-56(G)(5) specifically applies to the instant case. While the language in that subsection specifically applies to continuation of coverage, both the rule and the statute clearly provide that order of benefits shall be determined by the first applicable provision. The first applicable provision under OAC 3901-1-56 is subsection (G)(1), as appellant is a member, insured, or subscriber under the policy administered by appellee. Similarly, the first applicable provision of R.C. 3902.13(A) is subsection (2), as again, the policy covers her as a member, insured, or subscriber. She is not covered as a dependent under her continuation coverage with COBRA.
Appellee argues that because she is a "qualified beneficiary" under the continuation coverage, she is not a member, subscriber, or insured. We disagree. Appellee cannot avoid the clear requirements of the statute and rule by using different terminology to designate the insured. Appellant paid monthly premiums to appellee for continuation coverage, which specifically covered her as a member, subscriber, or insured pursuant to the plan. Therefore, the coordination of benefits section in appellee's continuation coverage contract conflicts with R.C.3902.13(A) and with Ohio Administrative Code 3901-1-56(G).
The court's decision concerning appellant's claims for promissory estoppel and breach of fiduciary duty relied on the court's decision that appellee's contract clearly provided secondary coverage. As we have found this decision to be in error, we must reverse the summary judgment on both the promissory estoppel and the breach of fiduciary duty counts.
The Assignments of Error are sustained.
The summary judgment of the Delaware County Common Pleas Court is reversed. This case is remanded to that court for further proceedings according to law.
By: Reader, J., Hoffman, P. J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the summary judgment of the Delaware County Common Pleas Court is reversed. This case is remanded to that court for further proceedings according to law. Costs to appellee.